**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**FREDDIE WILLIAMS,**

                **Plaintiff,**

    **v.**                                     **CASE NO. 18-3024-SAC**

**KAYLA ROEHLER,**

                **Defendants.**


**MEMORANDUM AND ORDER**

    This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner, proceeds pro se and his fee status is pending. The Court has conducted an initial review of the complaint and enters the following findings and order.

**Statutory Screening Standards**

    The Court is required to screen complaints brought by a prisoner seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or any portion of it, if the plaintiff's claims are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

    "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court must liberally construe a pro se party's pleadings and will apply "less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, a court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). However, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## Discussion

The sole defendant named in the complaint is the assistant district attorney who is pursuing criminal charges against the plaintiff.

Prosecutors are entitled to absolute immunity for acts taken in their roles as advocates, such as the decision whether to prosecute an action, the decision whether probable cause exists, and the decision on what evidence to present in judicial proceedings. *Imbler v. Pachtman*, 424 U.S. 409, 425-28 (1976). This immunity is limited to those actions that "involve the prosecutor's role as advocate … rather than his role as administrator or investigative officer…." *Burns v. Reed*, 500 U.S. 478, 491 (1991)(internal quotations and citation omitted).

Plaintiff alleges the defendant violated his constitutional rights by using false evidence and statements to prosecute him (Doc. #1, p. 2), pursuing false charges (p. 3), abusing the law (p. 4), and "misconduct and egregious[] action displayed in a criminal proceeding" (p. 7). Because these acts are closely associated with her role as an advocate in the criminal proceedings against plaintiff, the defendant is protected from suit by prosecutorial immunity.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including March 5, 2018, to show cause why this matter should not be dismissed for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

DATED:  This 7th day of February, 2018, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge